UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BELYEW,<br><br>    Petitioner,<br><br>    v.<br><br>MIKE PALLARES,<br><br>    Respondent. | No. 2:19-cv-0294 AC P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 18, 2021, petitioner filed a motion for release on her own recognizance pending appeal. ECF No. 11. For the reasons stated below, the motion will be denied.

I.    RELEVANT FACTS

In the instant motion, petitioner references two 2018 state cases of hers – one in Butte County (16CF06270) and one in Colusa County (CR-57771) – in which she was eventually convicted of criminal offenses. See ECF No. 11 at 1-2. It is the conviction in the Colusa matter that petitioner challenges in the first amended petition. See ECF No. 7 at 1.

The instant motion indicates that petitioner is requesting release based on the fact that in the matter out of Butte County, the California Supreme Court has "granted review" of the case

and has remanded it back to the Butte County Superior Court for diversion. See ECF No. 11 at 1. In support of this request, petitioner cites to 18 U.S.C. § 3142, a federal statute which provides the parameters for release or detention of a defendant pending trial. See ECF No. 11 at 4; see generally 18 U.S.C. § 3142.

II.     DISCUSSION

The motion must be denied. Petitioner is in state custody having been convicted of crimes in Colusa County. See generally ECF No. 7 at 1. The claims at issue in the instant action relate to that Colusa County conviction and sentence. See generally ECF No. 7. Any remand for diversion that may be pending in petitioner's pending Butte County case has no effect on her Colusa County conviction. Furthermore, even if state-ordered diversion was related to petitioner's Colusa County case, the Younger abstention doctrine,[1] as extended by the Supreme Court to civil cases and state administrative proceedings in Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986), would prevent this court from granting petitioner's motion for release.[2] Finally, 18 U.S.C. § 3142 is not applicable in this matter, as petitioner is not a defendant who is facing trial in this court.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for release on her own recognizance pending appeal (see ECF No. 11) is DENIED.

DATED: February 25, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Younger v. Harris, 401 U.S. 37 (1971). Younger held that a federal court should not enjoin a pending state criminal proceeding except when necessary to prevent great and immediate irreparable injury. It is based on concerns for comity and federalism. See generally Ohio Civil Rights Comm'n, v. Dayton Christian Sch., Inc., 477 U.S. 619, 620 (1986).

[2] The court notes that in 2018, petitioner filed a very similar motion in Belyew v. California, No. 2:18-cv-2269 DMC P, 2019 WL 2387216, at *1 (E.D. Cal. June 6, 2019). In that case, respondent's motion to dismiss was ultimately granted. See id. at *2.