1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LISA MARIE BELYEW,                      No.  2:19-cv-0294 DAD AC P

12                    Petitioner,

13          v.                                ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14    MICHAEL PALLARES,

15                    Respondent.

16

17          Petitioner, a state prisoner proceeding pro se and in forma pauperis, seeks habeas relief

18    pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge

19    pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          Before this court is respondent's motion to dismiss.  ECF No. 19.  Petitioner filed an

21    opposition with a request to stay these proceedings, and respondent filed a reply.  See ECF Nos.

22    30, 31.  Petitioner also filed an application for a certificate of appealability and a request to

23    augment the record along with a request for an extension of time to file an amended petition.

24    ECF Nos. 26, 34.

25          For the reasons stated below, it is recommended that respondent's motion to dismiss and

26    petitioner's application for a certificate of appealability be denied.  Petitioner's motion to stay

27    these proceedings and to augment the record, as well as her extension of time request, will all be

28    denied.  Finally, respondent will be directed to lodge copies of petitioner's California Supreme

Court habeas petition filed in case number S268497 and the related dispositive opinion in this court.

I.    RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner is an inmate who is currently housed at the California Institution for Women. In 2018, petitioner, who represented herself at trial, was convicted of two counts of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)); two counts of corporal injury to spouse (Cal. Penal Code § 273.5(a)); and one count of vandalism (Cal. Penal Code § 594(b)(1)) in Colusa County Superior Court.[1]  ECF No. 20-4 at 1.  Sentencing enhancements of great bodily injury (Cal. Penal Code §§ 12022.7(a), (e)) were also found to be true, as were use of a deadly weapon (Cal. Penal Code §§ 12022(b)(1)) and commission of felony while released on bail (Cal. Penal Code § 12022.1) enhancements.  ECF No. 20-4 at 1.  As a result, in October 2018, petitioner was sentenced to thirteen years in state prison, and she was ordered to pay restitution.  Id. at 1-3.

Petitioner appealed her sentence and conviction in the California Court of Appeal.  ECF No. 20-1 (California Court of Appeal opinion, case number C088250).  Based on the state appellate opinion lodged by respondent, it appears that appellate counsel for petitioner raised fourteen claims in that petition.[2]  See ECF No. 20-2 at 2-3.

On or around June 17, 2020, the California Court of Appeal modified the trial court judgment with respect to petitioner's assault with deadly weapons convictions as well as with respect to petitioner's court facilities and operations assessments.  ECF No. 20-1 at 75. Otherwise, the judgment was affirmed.  Id. at 75-76.

In July 2020, petitioner filed a pro se petition for review in the California Supreme Court. ECF No. 20-2.  In it, petitioner raised eleven claims.  See generally id. at 4-5, 14-30 (table of

---

[1]  Petitioner's Colusa County Superior Court case paralleled a similar case she had in Butte County Superior Court at that time, case number 16CF06270.  ECF No. 20-4 at 1.

[2]  As discussed below, the parties agree that Grounds Eleven and Thirteen in the federal petition were not exhausted.  ECF No. 19 at 2-3 (respondent's motion to dismiss); ECF No. 30 at 2 (petitioner's opposition).  As a result, the procedural issue of whether the FAP should be dismissed as mixed is at issue in this petition, not the substantive arguments in each of petitioner's fourteen claims.  Therefore, in the interests of efficiency, with the exception of Grounds Eleven and Thirteen, petitioner's claims will neither be listed nor discussed in this order.

1   contents and arguments raised).  On August 26, 2020, the court denied the petition.  ECF No. 20-

2   3.

3        In December 2020, petitioner filed the instant FAP in this court.[3]  ECF No. 7.  In March

4   2021, respondent filed the instant motion to dismiss and lodged related documents.  ECF Nos. 19

5   20.  In April 2020, petitioner filed her opposition to the motion to dismiss, along with a request to

6   stay and abey while she returned to state court to exhaust certain claims in the petition.  ECF No.

7   30.  Respondent filed a reply in May 2021.  ECF No. 31.  That month, petitioner filed an

8   unsolicited reply to respondent's reply.  ECF No. 33.  A request to augment the record, along with

9   an extension of time request to file an amended petition were also filed by petitioner during that

10   month.  ECF No. 34.  On August 23, 2021, petitioner's second amended petition ("SAP") was

11   docketed.  ECF No. 36.  The court reviews respondent's motion to dismiss and all other

12   outstanding motions herein.

13        II.    MOTION TO DISMISS

14          A.  Respondent's Motion

15        In the motion to dismiss, respondent argues that Grounds Eleven and Thirteen[4] have not

16   been exhausted.  ECF No. 19 at 2-3.  As a result, respondent contends, unless petitioner can show

17   that a stay of the first amended petition ("FAP") is appropriate, it must be dismissed pursuant to

18   Mena v. Long, 813 F.3d 907 (9th Cir. 2016), Rhines v. Weber, 544 U.S. 269 (2005), and other

19   related case law.[5]  ECF No. 19 at 2-3.

20   ////

---

[3]  Petitioner's original petition was docketed in this court on February 11, 2019, prior to the completion of her direct appeal in state court.  ECF No. 1.

[4]  Ground Eleven in the FAP alleges a violation right under the Sixth Amendment due to trial court sentencing error.  ECF No. 7 at 28-29.  Ground Thirteen alleges a denial of effective assistance of appellate counsel.  Id. at 33.

[5]  In the motion to dismiss, respondent also argues that Grounds Nine and Ten in the FAP should be dismissed because they fail to raise federal questions given that Ground Nine challenges fines and fees imposed upon petitioner, and in Ground Ten, petitioner argues that she was not given proper sentencing credits.  ECF No. 19 at 3-4.  As discussed in greater detail below, because petitioner has filed a SAP, the FAP is no longer the operative pleading.  Accordingly, the court does not address respondent's arguments related to Grounds Nine and Ten in the FAP herein.

B.  Petitioner's Opposition and Request to Stay and Abey

In petitioner's opposition, she concedes that she has not exhausted Grounds Eleven and Thirteen.  ECF No. 30 at 2-3.  She states that the omissions were inadvertent, and she offers "sleep deprivation, tumors and seizures" as possible reasons why she did not present the grounds in state court.  Id. at 2.  Petitioner also asks the court to stay her petition pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005), and she offers that she has mailed her exhaustion petition to state court.  ECF No. 30 at 2.

C.  Respondent's Reply

In the reply, respondent argues in relevant part that a Rhines stay is not appropriate because pursuant to it:  (1) good cause must be shown for the failure to exhaust; (2) the unexhausted claims must be potentially meritorious, and (3) the petitioner must not have intentionally engaged in dilatory tactics.  ECF No. 31 at 2.  Petitioner, respondent argues, has not met any of these requirements for a myriad of reasons.  See id. at 2-4.

III.   MOTION TO DISMISS MUST BE DENIED[6]

Respondent's motion to dismiss must be denied.  The parties agree that petitioner did not present Grounds Eleven and Thirteen to the California Supreme Court prior to filing them in this court, and that therefore, the FAP is a mixed petition.  ECF No. 19 at 2-3 (respondent's motion to dismiss); ECF No. 30 at 2 (petitioner's opposition).  It is well-established that a district court may not retain jurisdiction over mixed petitions.  Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing Olvera v. Giurbino, 371 F.3d 569, 572 (9th Cir. 2004)).  Consequently, if the issuance of a stay for a petitioner to return to state court to exhaust is not appropriate, a mixed petition must be dismissed.  Rose v. Lundy, 455 U.S. 509, 510 (1982); see Ortiz v. Sandoval-Clarke, 323 F.3d 1165, 1169 n.3 (9th Cir. 2003) (stating mixed petition must be dismissed).

In this case, however, while the instant motion to dismiss the FAP and petitioner's motion to stay these proceedings pursuant to Rhines were pending review, it appears that petitioner returned to state court and exhausted Grounds Eleven and Thirteen in the California Supreme

---

[6]  Again, as discussed below, because respondent's motion to dismiss is now moot, a detailed recitation of stay requirements under Rhines and Kelly is not needed.

1   Court.[7]  Specifically, when petitioner filed her opposition, she stated that she intended to return to

2   state court to exhaust these two grounds.  See ECF No. 30 at 2.  In an attempt to demonstrate that

3   she has done so, and that exhaustion of the two claims has been completed, petitioner has since

4   filed a copy of the California Supreme Court docket for the case (see ECF No. 36 at 87) (docket

5   for California Supreme Court case number S268497).

6        Assuming that the new habeas petition filed in California Supreme Court case number

7   S268497 establishes this fact,[8] petitioner has satisfied the exhaustion requirement.  See Picard v.

8   Connor, 404 U.S. 270, 275 (1971) ("[O]nce the federal claim has been fairly presented to the state

9   courts, the exhaustion requirement is satisfied.").  Accordingly, respondent's motion to dismiss

10  the FAP on grounds that it is a mixed petition must be denied as moot.

11       More importantly, petitioner has filed a second amended petition which purports to

12  contain the newly exhausted Grounds Eleven and Thirteen.[9]  ECF No. 36 at 29-32, 34 (Ground

13  Eleven and Thirteen, respectively in SAP).  In light of these facts, petitioner's mixed petition

14  issue no longer exists because the FAP no longer exists.  See Lacey v. Maricopa County, 693

15
16  [7]  Even if the court were to have ruled on the substantive arguments in respondent's motion to
    dismiss, the motion would have been denied.  A federal habeas petitioner has a right to amend a
17  mixed petition to delete unexhausted claims as an alternative to dismissal.  Lundy, 455 U.S. at
    520 ("[P]risoners who . . . submit mixed petitions . . . are entitled to resubmit a petition with only
18  exhausted claims or to exhaust the remainder of their claims."); Olvera, 371 F.3d at 573
    (mandating district court give petitioner withdrawal or dismissal options).  Additionally, this
19  court is to grant leave to amend when justice requires it.  Fed. R. Civ. P. 15(a)(2).
        Therefore, had the court issued an opinion on the motion to dismiss prior to petitioner
20  returning to state court to exhaust, at minimum, petitioner would have been given the opportunity
    to delete Grounds Eleven and Thirteen and proceed in this court with a fully exhausted petition.
21  She would have also been given the option to stay the proceedings pursuant to Kelly v. Small,
    315 F.3d 1063 (9th Cir. 2003), which has a more relaxed standard than Rhines for a grant of stay.
22  See generally King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (outlining steps needed for
23  Kelly stay).

24  [8]  Respondent will be directed to lodge petitioner's habeas petition and the related state high
    court's opinion in case number S268497 in order for the court to formally verify that the two
25  claims have been exhausted.

26
    [9]  Although petitioner has not filed copies of the habeas petition and the dispositive order in case
27  number S268497 that she filed in the California Supreme Court, at this stage of the proceedings,
    petitioner's provision of the state docket is sufficient to make a cursory procedural finding that
28  her state exhaustion process has been completed.

F.3d 896, 925 (9th Cir. 2012) (citations omitted) (stating amended complaint supersedes original complaint, the latter being treated as non-existent); Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (citation omitted).  These reasons render respondent's motion to dismiss moot as well.  Consequently, it will be recommended that respondent's motion to dismiss be denied as such.

IV.   OTHER PENDING MOTIONS

A.  Motion to Stay Must Be Denied

Because the record indicates that petitioner has already returned to state court to exhaust, (see ECF No. 36 at 87), her motion to stay these proceedings in order to do so (ECF No. 30 at 2) is moot.  Therefore, it will denied as moot.

B.  Application for Certificate of Appealability Must Be Denied

On February 18, 2021, a "motion for release pending appeal" filed by petitioner was docketed.  ECF No. 11.  The motion was denied on February 25, 2021, pursuant to Younger v. Harris, 401 U.S. 37 (1971).  ECF No. 13 at 2.  Thereafter in March 2021, petitioner appealed this court's decision in the Ninth Circuit.  ECF Nos. 15-18.  The instant request for a certificate of appealability on the court's denial was docketed in April 2021.  ECF No. 26.  Ultimately, the appeal was dismissed by the Ninth Circuit for lack of jurisdiction.[10]  ECF Nos. 29, 32 (Ninth Circuit dismissal and mandate).  Given that the Ninth Circuit has determined that it is unable to consider petitioner's appeal of the district court's denial of her motion to be released on her own recognizance, it will be recommended that petitioner's motion for a certificate of appealability be denied as moot.

C.  Motion to Augment Record and Request for Extension of Time Must Be Denied

Petitioner has filed a motion to augment the record.  ECF No. 34 at 1-7.  Within the motion is a request for sixty-day extension of time to file an amended petition.  Id. at 7-8.  Both

---

[10]  The Ninth Circuit held that it had no jurisdiction because pursuant to 28 U.S.C. § 1291, it only has jurisdiction over appeals from final decisions of district courts, and absent consent, magistrate judge orders are not final.  See ECF No. 29 (Ninth Circuit order citing to 28 U.S.C. § 1291 and In re San Vicente Med. Partners Ltd., 865 F.2d 1128, 1131 (9th Cir 1982)).  The court also noted that under Land v. Deeds, 878 F.2d 318 (9th Cir. 1989), a denial of bail pending a decision on a habeas petition is not appealable.  See ECF No. 29.

requests must be denied.

### 1.   Motion to Augment Record

Petitioner wishes to augment certain reporter's and clerk's transcripts with her own narrative of facts.  See ECF No. 34 at 1-3 (petitioner's request to augment and factual narrative). The facts relate to events that took place prior to her trial that she believes prejudiced her and led to an unfair trial, i.e., appointed counsel and the prosecution's stated belief pursuant to California Penal Code § 1368 that petitioner was mentally incompetent and the subsequent hearing on these assertions.  ECF No. 34 at 1-3.  She requests copies of transcripts from certain dates during the state court proceedings in order to augment the record with facts related to that event.  Id. at 3-5.

Federal courts are typically precluded from augmenting the evidentiary record with information that was not presented in state court on direct appeal or in state habeas review. Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); Shinn v. Ramirez, 142 S. Ct. 1718, 1732 (2022) (stating same and citing Pinholster, 562 U.S at 180). Exceptions to this rule would be:  (1) if the claim relied on a new and previously unavailable rule of constitutional law that was applicable retroactively, or (2) if there was a factual predicate that could not have been previously discovered through the exercise of due diligence.  Shoop v. Twyford, 142 S. Ct. 2037, 2038 (2022) (citing 28 U.S.C. § 2254(e)(2)(A)).  Because trial counsel's assertion pursuant to state statute that he believed petitioner might be mentally incompetent does not fall within either of these exceptions, petitioner's request to augment the record must be denied.

### 2.   Motion for Extension of Time to Amend Petition

Petitioner's motion for an extension of time to amend the FAP was filed in May 2021 within her request to augment the record.  ECF No. 34 at 7.  Shortly thereafter, in August 2021, after the state high court had ruled on her exhaustion petition (see ECF No. 36 at 87), petitioner filed a second amended petition in this court (see generally ECF No. 36).  Because additional time to file an amended petition is no longer needed, the motion will be denied as moot.

////

1   V.   CONCLUSION

2        Because petitioner returned to state court and appears to have exhausted Grounds Eleven

3   and Thirteen after respondent filed the instant motion to dismiss, it will be recommended that

4   respondent's motion to dismiss, which was based on the argument that those two claims were

5   unexhausted, be denied as moot.  For the same reason, petitioner's motion to stay these

6   proceedings to return to state court to exhaust is denied as moot.  Furthermore, given that

7   petitioner's state exhaustion process is complete, respondent will be directed to lodge the habeas

8   petition and dispositive order filed in California Supreme Court case number S268497 with the

9   court.

10        Because the Ninth Circuit has determined that it had no jurisdiction to review petitioner's

11   appeal of the district court's denial of her motion to be released on her own recognizance, it will

12   be recommended that petitioner's motion for a certificate of appealability to challenge the district

13   court's denial of that motion be denied as moot.

14        Petitioner's motion to augment the record must also be denied because with rare

15   exception, federal courts are prohibited from augmenting the record with evidence that was not

16   presented in state court on appeal, and petitioner's reasoning behind her request is not

17   exceptional.  The extension of time request to amend the petition, which accompanies the motion

18   to augment, must also be denied as moot, given that petitioner has since filed a second amended

19   petition in this court.

20        Accordingly, IT IS HEREBY ORDERED that:

21        1.  Petitioner's motion to stay these proceedings and hold the petition in abeyance while

22   she exhausts in state court (ECF No. 30 at 2), is DENIED as moot;

23        2.  Petitioner's motion to augment the record (ECF No. 34 at 1-7) is DENIED;

24        3.  Petitioner's motion for an extension of time to file an amended petition (ECF No. 34

25   at 7) is DENIED as moot, and

26        4.  Within thirty days from the date of this order, respondent shall lodge a copy of the

27   habeas petition and related dispositive order in California Supreme Court case number S268497.

28   ////

IT IS FURTHER RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 19) be DENIED as moot, and

2.  Petitioner's application for a certificate of appealability regarding the district court's denial of her request for release on her own recognizance (ECF No. 26) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 22, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

On behalf of Magistrate Judge Claire

AC/KJN/viw:bely0294.mtd.den.misc

9