UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BELYEW,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL PALLERAS,<br><br>    Respondent. | No. 2:19-cv-00294-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENT'S MOTION TO DISMISS, AND DENYING PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 19, 26, 48) |

Petitioner Lisa Belyew proceeds *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 22, 2023, the magistrate judge issued findings and recommendations recommending that: 1) respondent's motion to dismiss the pending petition as a mixed petition containing unexhausted claim (Doc. No. 19) be denied as having been rendered moot; and 2) that petitioner's application for a certificate of appealability (Doc. No. 26) as to the court's February 25, 2022 order denying her request to be released on her own recognizance pending her since

/////

/////

1

dismissed appeal also be denied as moot. (Doc. No. 48.)[1]  Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*. at 11.)  On May 19, 2022, petitioner filed timely objections to the pending findings and recommendations.[2]  (Doc. No. 18.)  Respondent filed no response to those objections, but on February 24, 2023, did lodge with the court copies of petitioner's habeas petition and related dispositive order in California Supreme Court case number S268497, as directed by the magistrate judge's February 22, 2023 order. (Doc. No. 49.)[3]

In her objections to the pending findings and recommendations, petitioner argues only that her motion to augment the record should have been granted by the magistrate judge. (Doc. No. 50 at 1–3.)  However, petitioner's motion to augment the record (Doc. No. 34) was the subject of the order issued by the magistrate judge on February 22, 2023 (Doc. No. 48 at 7–8) and is not before the undersigned in the pending findings and recommendations.  Therefore, petitioner's objections provide no basis for the rejection of those findings and recommendations.  Moreover, even if the court were to construe petitioner's objections as a motion to reconsider the magistrate judge's order denying her motion to augment the record, petitioner would not be entitled to the granting of such a motion. *See Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the merits."); *Swierski v. Koenig*, No. 16-cv-03199-HSG, 2019 WL 2491966, at *3 (N.D. Cal. June 14, 2019); *Long v. Lewis*, No. 8:11-cv-330-PSG-RNB, 2011 WL 6010271, at *23 (C.D. Cal. Oct. 7, 2011).  Finally, the court notes that in moving to augment the record in these federal habeas

---

[1] At the same time the magistrate issued an order denying petitioner's motions to: 1) grant a stay and abeyance of this case pending her exhaustion of her unexhausted claims in state court; 2) augment the record; and 3) extend the time for her to file an amended petition. (Doc. No. 48.) In addition, the order directed respondent to lodge a copy of petitioner's habeas petition and related dispositive order in California Supreme Court case number S268497 within thirty days. (*Id.*)

[2] On August 25, 2022, this case was reassigned to the undersigned district judge. (Doc. No. 42.)

[3] Those lodged documents reflect that on April 28, 2021, petitioner did file an exhaustion petition containing her two previously unexhausted claims (Grounds Eleven and Thirteen in these proceedings) and that the California Supreme Court denied that exhaustion petition on July 21, 2021. (Doc. Nos. 49-1 and 49-2.)

proceedings petitioner failed to provide any meaningful explanation as to the relevance of those records to her pending claims. Instead, petitioner merely listed 19 dates of hearings in the state trial court conducted in 2016 and 2017 as to which she seeks clerk's transcripts and reporter's transcripts. (Doc. No. 34 at 3–4.) For these reasons the undersigned concludes that the magistrate judge correctly denied petitioner's motion to augment the record.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations filed on February 22, 2023 (Doc. No. 48) are adopted in full;

2. Respondent's motion to dismiss the pending petition as a mixed petition containing unexhausted claim (Doc. No. 19) is denied as having been rendered moot;

3. Petitioner's application for a certificate of appealability as to the court's February 25, 2022 order denying her request to be released on her own recognizance pending her since dismissed appeal is also denied as moot; and

4. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 23, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE