UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE PEREZ, formerly known as Lisa Marie Belyew,<br><br>Petitioner,<br><br>v.<br><br>LAVELLE PARKER, Warden,<br><br>Respondent. | No. 2:19-cv-00294-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION SEEKING FEDERAL HABEAS RELIEF ON THE MERITS<br><br>(Doc. Nos. 77, 82) |

Petitioner Lisa Marie Perez is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 10, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be denied on the merits. (Doc. No. 77.) Specifically, in the detailed findings and recommendations the magistrate judge examined each of petitioner's fourteen claims for federal habeas relief and concluded that, under the standard of review applicable under 28 U.S.C. § 2254(d)(1), petitioner had failed to show that the state court decision on any of her claims for relief was contrary to or an unreasonable application of clearly established law as determined by the Supreme Court, or resulted in a

/////

1

1 decision based on an unreasonable determination of the facts. (*Id*. at 16–17, 19–20, 25–26, 29, 33, 36, and 37–41.)

The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id*. at 42.) On December 26, 2024, petitioner timely filed objections to the findings and recommendations. (Doc. No. 78.) On January 1, 2025, respondent filed a reply to those objections indicating that respondent rested on the previously filed answer (Doc. No. 67). (Doc. No. 79.)

In her objections, petitioner for the most part merely repeats the arguments already advanced in support of the claims presented in her petition and fully addressed by the pending findings and recommendations. (*Compare* Doc. Nos. 7 and 75, *with* Doc. No. 78.) Indeed, petitioner's objections address the findings and recommendations only in passing (*see* Doc. No. 78 at 1, 10, 12) and present no argument based upon the record or the law that would call into question the correctness of the magistrate judge's analysis set forth therein.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Having concluded that the pending petition must be denied, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of her case, she must demonstrate "something more than the

2

absence of frivolity or the existence of mere good faith on [her] . . . part." *Miller-El*, 537 U.S. at 338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on December 10, 2024 (Doc. No. 77) are ADOPTED in full;
2. The operative first amended petition for writ of habeas corpus (Doc. No. 7) is DENIED on the merits;
3. Petitioner's request that the court address her petition (Doc. No. 82) is DENIED as having been rendered moot by the issuance of this order;
4. The court DECLINES to issue the certificate of appealability referenced in 28 U.S.C § 2253; and
5. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:     **September 9, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3